NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 fax
daniel.cooper@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

WILLIAM DAVIS,

                                    Plaintiff,

        v.

UNITED STATES OF AMERICA,

                        Defendant.

Case No. 3:05-cv-00136-RRB

UNITED STATES
OPPOSITION TO MOTION
TO COMPEL DISCOVERY
AND TO EXTEND FINAL
WITNESS LISTS
[Docket 19]

        United States, through counsel, opposes the Motion to Compel Discovery

and Extend Witness Lists [Docket 19] because the United States has complied

with, and continues to comply with, the court's pretrial order (as amended from

time to time) and the rules governing pretrial discovery.  (Rule 26, *et. seq.*,

F.R.Civ.P.)

The court's last order setting pretrial deadlines was entered March 29, 2007.[1] There, the court ordered the parties to file their final witness lists by June 15, 2007. The court also ordered that discovery would close (except for expert witnesses) on June 30, 2007. The United States filed it Final Witness list on June 15, 2007.[2] Plaintiff did not.[3]

On June 19, however, at Docket 19, Plaintiff filed the Motion to Compel. The motion cites no legal authority, but common sense and experience teaches that the motion is based on Rule 37, F.R.Civ.P. The motion is not supported by an affidavit. The motion does not contain a Good Faith Certificate[4] or a statement in the first paragraph why such a certificate can not be attached as required by the Local Rule.[5] The motion is procedurally deficient on its face.

Moreover, the order lodged with the Motion is not logically related to the Motion to Compel, as the order refers to a "... joint Motion to Enlarge Time ...".

---

[1] Docket 17.

[2] Docket 18.

[3] A review of the docket in this case discloses that Plaintiff has not filed his final witness list. As set forth in the affidavit of counsel attached hereto, the United States has not been served with a final witness list.

[4] Form 37.1.

[5] D.Ak. LR 37.1.

Plaintiff must be referring to some other motion in the order he lodged, as the instant motion is not a "joint motion." The prayer for relief found in the first sentence of the last paragraph of the Motion, however, asks the court for "... an order compelling production of these witnesses forthwith." No authority is provided to support this contention. The prayer also fails to specify how this production of a witness is to occur. Is the United States supposed to transport these witnesses somewhere? If so, where? On whose authority and at whose expense? Even the moving papers are silent with respect to these questions.

In support of the motion, however, Plaintiff attached "some" of his letters to the United States concerning discovery. Plaintiff does not, however, provide the court with the United States' responses to his requests. As set forth in the affidavit of counsel filed herewith, each request received a response. However, this correspondence and the various responses may be mooted in light of the discovery which has been provided, and what the Rule requires the United States to provide.

At the time the initial Rule 26 disclosures were made, it was believed that both Jeff Thompson and Anthony Brown were working at the Aniak Clinic.[6] Anthony Brown still works there, but he will retire at the end of August, 2007.

---

[6] Each of the factual averments in this Opposition are supported by the affidavit of counsel filed herewith.

Mr. Thompson left the clinic at a time unknown to undersigned counsel.

Admittedly sporadic efforts were made to try and locate him, but those efforts

were unsuccessful until June 14, 2007, the day before the final witness list was

due.  Mr. Thompson's telephone number was disclosed on the witness list as

required by Rule 26(a)(3)(A).  The information was disclosed the day after it was

received.  Since that time, undersigned counsel has located and spoken with Mr.

Thompson.  He is living in Rigby, Idaho, and is willing to have his deposition

taken.

Mr. Brown is still an employee of YKHC, and is available for deposition.

Contrary to the statements by Plaintiff, the United States has not refused to

"produce" these two witnesses.  The United States has no obligation to "produce"

any witness in this civil case.  The obligation is on the party seeking to depose a

witness to give reasonable notice and set the deposition.[7]  Plaintiff has not been

"completely stymied" in discovery, Plaintiff has merely failed to conduct

discovery.

Discovery did not close until June 30, 2007.  Instead of merely sending a

notice of deposition of Mr. Brown and Mr. Thompson for a date and time on or

---

[7] Rule 30(b)(1); Rule 30(a)(1), F.R.Civ.P.

Davis v. US
3:05-cv-00136-RRB                -4-

before June 30, 2007, Plaintiff filed a motion to compel <u>and extend deadlines he has already missed</u>.  The motion to compel is a smokescreen.  In reality, Plaintiff only wants an extension of time to file his final witness list.  Plaintiff fails to give any reason why he failed to file his witness list on time, reserving the right to petition the court to supplement the witness list if additional witnesses are found before discovery closes.

The United States is not opposed to an extension of time for discovery of percipient witnesses.  Indeed, in reviewing documents which have just been provided by the Yukon Kuskokwim Health Corporation, the identity of a person who took the plaintiff's vital signs has just become known to the United States.  The United States does not oppose a motion to allow the late filing of the final witness list by Mr. Davis.  The United States does not oppose an extension of the discovery deadlines, provided the expert deadlines are also extended.  The United States does, oppose, however, any suggestion that the United States has an obligation to "produce" a witness under these circumstances.

## CONCLUSION

Plaintiff's Motion to Compel Discovery and Extend Final Witness List should be denied to the extent that it requires the United States to "produce" a

witness.  Mr. Davis should be allowed an opportunity to file his final witness list.

Because time has been spent on discovery motions instead of conducting

discovery, the court should extend the deadlines again for percipient witnesses.  In

light of both counsels already crowded discovery and trial calendars, the court may

wish to set the deadlines out as far as Plaintiff requested in his proposed order.

Respectfully submitted on July 5th, 2007, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2007,
a copy of the foregoing **UNITED STATES
OPPOSITION TO MOTION TO
COMPEL DISCOVERY AND TO EXTEND
FINAL WITNESS LISTS** was served
electronically on George M. Kapolchok.

s/ Daniel R. Cooper, Jr.

Davis v. US
3:05-cv-00136-RRB                    -6-