NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 - Fax
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

WILLIAM DAVIS,

                                 Plaintiff,

        v.

UNITED STATES OF AMERICA,

                                 Defendant.

Case No. 3:05-cv-00136-RRB

**DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

I.      INTRODUCTION

        Mr. Davis filed a Complaint[1] under the Federal Tort Claims Act alleging

negligence relating to his treatment and care at the Aniak Sub-Regional Clinic,

Aniak, Alaska ("the Clinic").  Mr. Davis alleges that his initial treatment and

diagnosis were negligent and conducted by an employee of Defendant who was not

_____

        [1]  Complaint, Docket 1.

properly trained, certified, and supervised to either make a diagnosis or prescribe medications. Mr. Davis further alleges that the Clinic was negligent in that his treatment at the Clinic fell far below the standard of care.

Defendants, pursuant to Fed. R. Civ. P. 56, move for summary judgment and dismissal of Plaintiff's Complaint. In support of this motion, Defendant has attached the expert's report of Diane Duntze, Nurse Practitioner.[2] In Nurse Duntze's opinion, the treatment received by Mr. Davis at the Aniak Clinic met or exceeded the standard of care.

Mr. Davis has not identified any expert witnesses and has not produced any medical expert reports. Thus, Plaintiff has failed to meet the legal and evidentiary requirements for his medical malpractice claims under Alaska law and the Clinic is entitled to summary judgment and dismissal of Plaintiff's claim.[3]

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment should be granted if there is no disputed genuine issue of material fact and if the moving party is entitled to

---

[2]  Exhibit A.

[3]  AS 09.55.540(a); Parker v. Tomera, 89 P.3d 761, 765-66 (Alaska 2004).

judgment as a matter of law.[4]  The moving party has the burden of showing that there is no genuine issue of material fact.  Once the moving party has met this burden, the nonmoving party must set forth evidence showing the existence of a genuine issue for trial.[5]  When considering a motion for summary judgment, the Court views the evidence presented in the light most favorable to the non-moving party and determines whether the moving party is entitled to judgment as a matter of law.[6]

III.    FACTUAL SUMMARY

Mr. Davis' claims relate to his treatment and care at the Aniak Sub-Regional Clinic in June 2002.  The Clinic operates under the Yukon-Kuskokwim Health Corporation ("YKHC").  On June 15, 2002, Mr. Davis presented to the Clinic complaining that both ears had been hurting for a few days and that it was getting worse.  He further claimed that he had never had this condition before.  Certified Health Practitioner ("CHP") Tony Brown examined Mr. Davis and determined that both of his ear canals were red with some fluid behind the membranes.  CHP Brown diagnosed Mr. Davis as having bilateral serous otitis media and prescribed

---

[4]  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[5]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[6]  Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).

and dispensed Hydrocortisone eardrops and Amoxicillin.[7]  According to Nurse

Duntze's report and opinion, the prescribing and dispensing of these drugs were in

accordance with the Community Health Aid Practice Manual and CHP Brown's

standing orders.

On June 19, 2002, Mr. Davis returned to the Clinic.  Mr. Davis continued to

complain of ear pain and decreased hearing in his left ear.  Physician Assistant -

Certified ("PA-C") Jeff Thompson examined Mr. Davis and found that his ear

canals were clear.  PA-C Thompson told Mr. Davis to discontinue the Amoxicillin

and prescribed and dispensed Augmentin, along with Neosynephrine, a nose spray.

Mr. Davis was advised to return to the Clinic in one week if his symptoms

worsened or didn't improve.[8]  On June 21, 2002, Mr. Davis returned to the Clinic

stating that he had lost his Augmentin.  He had taken 2 days of the Augmentin, and

reported that even though the pressure in his left ear was decreasing, he still had

diminished hearing in both ears.  PA-C Thompson did not examine him.  Mr. Davis

was dispensed a more Augmentin and again advised to return to the clinic in one

---

[7]  PCC Ambulatory Encounter Record, YKHC 324, Exhibit B.

[8]  PCC Ambulatory Encounter Record, YKHC 323, Exhibit C.

Davis v US
Case No. 3:05-cv-00136-RRB          Page -4-

week if his symptoms worsened or didn't improve.[9]  Mr. Davis returned to the

Clinic four days later on June 25, 2002.  PA-C Thompson saw him.  Mr. Davis had

stopped taking the medications prescribed by PA-C Thompson and had been

prescribed and was self administering Septra.  This medication was given to him by

a non-YKHC practitioner.  Mr. Davis told PA-C Thompson that he went to another

practitioner because the medication he had received from the Aniak Clinic had not

helped him in 6 days.  Mr. Davis continued to complain of loss of hearing, pain and

reported dizziness for the first time.  Realizing that the newly reported symptom

(dizziness) could indicate a more serious illness, PA-C Thompson contacted the

Veterans Administration Medical Facility in Anchorage and made an emergency

referral for Plaintiff to an ENT Specialist.[10]  Mr. Davis was seen and treated by

non-YKHC health care providers thereafter.

IV.    ARGUMENT

        Plaintiff filed this malpractice action under the FTCA, which provides that

the United States shall be liable for damages for tort claims to the same extent that

a private party would be liable to the claimant "in accordance with the law of the

---

[9]  PCC Ambulatory Encounter Record, YKHC 322, Exhibit D.

[10]  PCC Ambulatory Encounter Record, YKHC 321, Exhibit E.

Davis v US
Case No. 3:05-cv-00136-RRB            Page -5-

place where the act or omission occurred."[11]  The alleged tortious conduct in this case occurred at Aniak Sub-Regional Clinic in Aniak, Alaska.  Thus, the Court applies the law of Alaska regarding the elements of proof for a medical malpractice action.[12]

The Alaska law governing medical malpractice actions places the burden of proof on the Plaintiff to prove by a preponderance of the evidence:

> (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the Defendant is practicing;
>
> (2) that the Defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
>
> (3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the Plaintiff suffered injuries that would not otherwise have been incurred.[13]

In malpractice actions there is no presumption of negligence.[14]  A Plaintiff in a malpractice action normally must offer medical expert opinions and testimony in

---

[11] 28 U.S.C. §§1346(b) and 2674.

[12] Yako v. United States, 891 F.2d 738, 745 (9th Cir. 1989).

[13] AS 09.55.540(a).

[14] AS 09.55.540(b).

order to support his claims and prove the elements under AS 09.55.540(a).[15]  If a

Plaintiff is unable to offer expert testimony to prove these required elements,

summary judgment may be entered in favor of the Defendant.[16]

In Parker v. Tomera, the Defendants' expert submitted an affidavit that the

Plaintiff's medical care was appropriate and that the doctor's medical procedure (a

catheterization) could not have caused the Plaintiff's alleged personal injury

(sexual dysfunction).[17]  The Plaintiff failed to produce any medical expert report or

testimony to rebut the defense expert's opinions on the standard of care and the

lack of causation.  Thus, the Alaska Supreme Court affirmed the entry of summary

judgment in favor of the Defendants.[18]

In this case, the dates for the disclosure of expert reports and for the close of

discovery (November 28, 2007) have passed.[19]  Plaintiff has not identified any

---

[15]  Parker v. Tomera, 89 P.3d 761, 765-66 (Alaska 2004).

[16]  Parker, 89 P.3d at 766; Kendall v. State Div. of Corrections, 692 P.2d 953, 955 (Alaska 1984).

[17]  Parker, 89 P.3d at 766.

[18]  Id. at 766.

[19]  Order Granting Stipulation for Discovery, Docket 17, set June 30, 2007 as the deadline.  These dates were extended for 120 days by the Order at Docket 23.

Davis v US
Case No. 3:05-cv-00136-RRB          Page -7-

medical expert witness and he has failed to provide any expert reports or opinions to support his malpractice claims. Thus, Plaintiff is unable, as a matter of law and fact, to prove that the Defendant breached the standards of medical care that was provided at the Clinic.

As set out in her report, Nurse Duntze concluded that the Clinic did not breach the applicable standard of care in that both CHP Brown and PA-C Thompson followed the guidelines for acute otitis media provided in the YKHC Provider Handbook. The report is supported by the Clinic's records, including the Community Health Aid Practitioner Manual and Reference Guide, and YKHC Acute Otitis Media guidelines. The nursing records disclose that the guidelines were followed. Since Mr. Davis does not have any medical expert to contest Nurse Duntze's opinions and conclusions, Defendant is entitled to summary judgment on Plaintiff's claim.

Therefore, the United States requests that the Court grant summary judgment and dismiss with prejudice Plaintiff's Complaint in this action.

// //

// //

// //

Respectfully submitted on January 28, 2008.

NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2008,
a copy of the foregoing Defendant's Motion for
Summary Judgment was served electronically
on George M. Kapolchok

s/ Daniel R. Cooper, Jr.