**GEORGE M. KAPOLCHOK**
**KAPOLCHOK LAW OFFICES, LLC**
360 K Street, Suite 100
Anchorage, Alaska 99501
Phone: (907) 278-8850
Fax: (907) 278-8860
E-mail: lawoffices@kapolchok.com

**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| William Davis, ) | |
| ) | Case No. 3:05-cv-136-RRB |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S OPPOSITION TO** |
| vs. ) | **DEFENDANT'S MOTION FOR** |
| ) | **SUMMARY JUDGMENT AND CROSS-** |
| United States of America, ) | **MOTION TO COMPEL THE** |
| ) | **DEPOSITION OF TONY BROWN** |
| Defendant. ) | |
| _____ ) | |

INTRODUCTION

The gravamen of defendant's Motion For Summary Judgment is that plaintiff's claim for improper medical care should be dismissed for failure to produce a report supporting plaintiff's contention that the treatment plaintiff received at the Aniak Sub-Regional Clinic (hereinafter "clinic") fell below the standard of care.

As will be demonstrated below, the parties had an agreement to extend all deadlines until the <u>principal</u> agent of defendant, Tony Brown, could be deposed. Plaintiff's counsel was lulled into a belief that defendant's counsel was attempting to

arrange this when served with defendant's Rule 56 motion and expert report. Plaintiff's position is that defendant cannot agree to one thing (a cooperative extension) and then surreptitiously and unilaterally change the rules and attempt to "blindside" plaintiff with a Rule 56 motion.

<u>PROCEDURAL HISTORY AND AGREEMENT TO EXTEND DISCOVERY FOR EXPERT REPORTS</u>

This case was filed in mid-2005. Progress has been slow for a myriad of valid reasons including surgery of counsel, ailing parents of counsel, and heavy work schedule of both counsel. Plaintiff's counsel, for example, tried seven cases last year. With one exception, discovery has been accomplished amicably although very slowly. Several stipulations extending Pretrial Deadlines were filed.

This case focuses on the acts of omissions of <u>two</u> health care professionals – Anthony (Tony) Brown and Jeff Thompson. In June of 2007, plaintiff became exasperated with the difficulty in deposing these two critical fact witnesses and filed a Motion To Compel (Doc. 19). Through this motion an accord was reached and this court issued an Order (Doc. 23) extending all pretrial deadlines 120 days. Mr. Thompson was deposed on August 14, 2007 in Idaho. Although Mr. Thompson is no longer employed by the clinic, the defense counsel asserted the attorney-client privilege at the deposition.

Upon return from Idaho, plaintiff immediately attempted to schedule Tony Brown's deposition. Defendant responded that there was some difficulty. On October 11, 2007, plaintiff acknowledged defendant's difficulty, the attorney-client issue, and urged defendant to make Mr. Brown available (Exhibit 1). Attorney Cooper responded that he had still not contacted Mr. Brown although he was still trying.

Discussions were had about extending discovery so the factual record could be completed and sent to the experts. On October 31, 2007, plaintiff, following up on discovery discussions, proposed at least a 60 day extension to complete the factual record

(Exhibit 2). Defense counsel <u>agreed</u> to the extension of up to three months and cautioned he was having trouble scheduling the deposition of Mr. Brown in Aniak (Exhibit 3).

On November 2, 2007, the deposition of Rick Stariwat was taken by defendant. Mr. Stariwat is a physician assistant with Geneva Woods Ear, Nose & Throat and was the first non-governmental provider plaintiff saw after quitting treatment with the Aniak clinic. P.A. – C Stariwat testified that he immediately discontinued the antibiotic prescribed by the clinic and started plaintiff Davis on steroids. Stariwat testified that steroids are the appropriate treatment and "we always" prescribe these to patients presenting with the conditions of Mr. Davis (The transcript is not presently completed but will be provided). This is precisely plaintiff's theory of the case – that Mr. Davis was misdiagnosed by Mr. Brown and prescribed the wrong treatment.

On November 26, 2007, defendant's counsel wrote to plaintiff's counsel (Exhibit 4) confirming the agreement to extend factual discovery 60 to 90 days. Defendants inquired about experts. Plaintiff's counsel was out of state and advised defendant's counsel. Defendant's counsel advised he would be gone until December 7, 2007 (Exhibit 5).

Plaintiff's counsel began a trial in December but left defendant's counsel a message that the deposition of Mr. Brown was essential before the experts could fully analyze this matter and render a complete opinion. Unfortunately, plaintiff's counsel did not reduce this communication to writing. See Affidavit. It appears defendant's counsel may not have received this communication. The date for expert reports came and went with neither party complying. The stipulation to extend time to complete factual discovery did not get filed. Plaintiff's counsel was responsible for doing this filing and apologizes for this oversight. See Affidavit.

Argument

The deposition of Tony Brown is essential before any complete and final opinion can be prepared. As is evident in defendant's Exhibit B, the medical records are difficult and in part impossible to read. It appears that Mr. Brown diagnosed *otitis externa*, an inflammation of the ear canal. This is later disputed by PA Thompson. It is respectfully suggested that the court read paragraph three of page one of defendant's Exhibit A. It is clear that the author, Ms. Duntze, does not know with any clarity what Tony Brown did or what he found.

Plaintiff's counsel was remiss in not filing the stipulation to extend that was agreed to. Defendant has been remiss in not producing Mr. Brown for deposition. When neither party produced expert reports, plaintiff assumed the deposition would eventually be taken and that the factual record could then be sent to the experts.

Plaintiff respectfully requests the court to order defendant to produce Tony Brown for deposition. Plaintiff's counsel is probably precluded from contacting Mr. Brown under Bar Rule 4.2 and Ethics Opinions 88-3 and 91-2. Following Mr. Brown's deposition, the parties should proposed deadlines for all expert reports, depositions of experts, and final pretrial matters. Plaintiff's PA expert is Michelle Combs and is located in North Carolina but should be able to respond quickly. A proposed Order is file concurrently herewith.

DATED this __25th__ day of February, 2008, in Anchorage, Alaska.

KAPOLCHOK LAW OFFICES, LLC


/s/ George M. Kapolchok
George M. Kapolchok
Attorney for Plaintiff
360 K Street, Suite 100
Anchorage, AK 99501
Phone: (907) 278-8850
Fax:  (907) 278-8860
E-mail: **lawoffices@kapolchok.com**
Alaska Bar No. 7510071


**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2008, a true and correct copy of the foregoing document was served electronically upon:

Daniel R. Cooper, Jr.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK  99513-7567

/s/ Becky Geist
Kapolchok Law Offices, LLC