NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 fax
daniel.cooper@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM DAVIS,<br><br>                              Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No. 3:05-cv-00136-RRB<br><br>**UNITED STATES' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

United States, through counsel, moved for summary judgment arguing that

because Mr. Davis did not name an expert in his final witness list, nor provide an

expert's report, Mr. Davis could not meet his burden of proof in a medical

malpractice case.  Mr. Davis opposed the motion for summary judgment by

arguing that there was an agreement to continue the discovery deadlines, and that

he was mislead and then sandbagged by undersigned counsel for not extending those deadlines.[1]  This is the United States' reply to the opposition.

Mr. Davis opposition is based upon the affidavit of Mr. Kapolchok, which states there was an agreement to extend discovery deadlines.  Mr. Davis does not disagree with the law submitted by the United States that, because his complaint alleges medical mal-practice, to prevail at trial, Mr. Davis must have some expert testimony of the standard of care for the treatment of ear aches in Aniak, Alaska, and whether that standard was breached.  Moreover, Mr. Davis does not dispute that he did not name an expert on those issues in his final witness list.  Mr. Davis only argues that there was an agreement to extend discovery deadlines, and that he wasn't going to submit anything to his expert until he took the deposition of Anthony Brown.  As set forth below, the United States disputes Mr. Davis characterization of the agreement.

A search by counsel of his phone records for the month of December, 2007, revealed no phone messages from Mr. Kapolchok.[2]  As the affidavit states, records of voice mails received are also kept, and there are no records that either Mr.

---

[1]  Docket 29.

[2]  See, affidavit of Daniel R. Cooper, Jr. attached as Exhibit A.

Davis v. US
3:05-cv-00136-RRB                    -2-

Kapolchok or his paralegal called on this or any other matter.  Moreover, counsel

has no recollection of receiving such a voice mail.  The argument Mr. Davis is

apparently advancing is that once the United States agreed that Mr. Davis could

extend the discovery deadlines, the United States is obligated to wait in perpetuity

for Mr. Davis to do so.  The United States denies that it agreed to wait until it in

turn missed the court's deadlines before it would file dispositive motions.

   Even assuming that such a voicemail was left, and that the voice mail

obligated the United States further, Mr. Davis fails to explain two major omissions

in his opposition.  The first omission is the failure to name the expert witness in

his final witness list which was filed on October 12, 2007.[3]

   If Mr. Davis' statement in his opposition is true, that he has been in contact

with his expert for many months, she should have been listed on the final witness

list already filed by Mr. Davis.  The court's Scheduling and Planning Order[4] at

paragraph 5 provides:

> On or before [a date that was extended], each party shall serve and file a
> final revised witness list which, unless otherwise specifically stated, must
> include expert as well as lay witnesses.  Only those witnesses so disclosed

---

[3] Docket 24.  This Final Witness List was filed after the time set in the
Court's Scheduling and Planning Order.

[4] Docket 7.

Davis v. US
3:05-cv-00136-RRB                    -3-

will be permitted to testify at trial.

Mr. Davis, although he states he had retained an expert, did not disclose the expert's name in his final witness list. Therefore, no expert witness can be called at trial by Mr. Davis to establish the standard of care, much less that the standard of care was breached.[5] Without testimony on those two points, Mr. Davis can not prevail in a medical malpractice case as a matter of law, and he has not disputed those facts, that law, or the argument in his opposition.

A court is *required* by Rule 16(b) F.R.Civ.P. to make and enforce scheduling orders. The Rule itself provides that the time for filing motions and completing discovery may be amended only upon a showing of good cause.[6]

---

[5] It must also be noted that the failure to disclose the expert precludes the defense from deposing the expert to determine the exact basis for the expert's opinion, and the extent of the expert's testimony.

[6] Rule 16(b) provides, in relevant part:

(b) Scheduling.
(1) Scheduling Order. Except in categories of actions exempted by local rule, the district judge . . . must enter a scheduling order:
. . .
(3) Contents of the Order.
(A) Required contents. The scheduling order must limit the time to . . . complete discovery and file motions.
(4) Modifying a Schedule.
A schedule may be modified only for good cause and with the judge's consent.

Moreover, Rule 16(f) provides the sanctions available to the court if a party fails to abide by the order, and fails to show good cause.  The sanctions include precluding a party from presenting a particular claim or particular evidence in support of that claim.[7]

Rule 16 governs what may happen in the conduct of litigation once the court enters its Scheduling and Planning Order.  In the context of enforcing Rule 16 orders concerning the amendment of pleadings, the Ninth Circuit has held that unless a party shows good cause, the pleadings may not be amended nor parties added.[8]  As the *Johnson* court concluded:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp.*, 108 F.R.D. at 141.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. . . .
>
> As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance the practices exemplified by the

---

[7]  Rule 16(f)(1) allows the court to impose the sanction of claim preclusion under the authority of Rule 37(b)(2)(A)(ii) - (vii).

[8]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

Davis v. US
3:05-cv-00136-RRB                    -5-

facts of this case.[9]

The United States submits that the same reasoning is applicable here.  Mr. Davis failed to name the expert witness in his final witness list (which was filed late in violation of the court's scheduling order and without the court's permission) even though by his own admission he knew the name of the expert.  He should be barred by his own conduct from submitting evidence from a witness whose name he knew but which he did not disclose.

The second omission is an explanation of why Mr. Davis failed to do that which he promised to do, and that his failure to act should be excused.  That is, Mr. Davis has failed to demonstrate that he acted diligently to extend the deadlines and to obtain the deposition testimony he says he needs.  It is incumbent on Mr. Davis to act diligently in pursuing his case.[10]  The failure to act diligently results in an inability to show good cause.

Assume for the sake of argument that a message was left as stated in

---

[9]  *Id.* at 610 - 611.

[10]  *Edizone, LC v. Cloud Nine, LLC*, 505 F.Supp.2d 1226, 1231 D.Utah, (May 30, 2007) "Fed.R.Civ.P. 16(b) allows the Court to amend a scheduling order upon a showing of good cause. " 'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.' " (footnote with citations omitted)

paragraph 3 of the affidavit in support of the opposition, which says the message was left in December.  Even if the message was left the last day of December, almost all the  month of January went by with no further action on the part of Mr. Davis to either schedule further depositions or request an extension of time on discovery deadlines before the Motion for Summary judgment had to be filed.[11] Mr. Davis has not offered any explanation for his lack of diligence.  He has not even stated that it was his intent to get around to it soon, or by a date certain.  With no explanation, the court is left to conclude that Mr. Davis failed to act diligently.

Moreover, with no response to the letter of November 26th (other than the hypothetical message sometime in December), there was no basis on which the United States could rely to delay filing the dispositive motion.  The motion for summary judgment was required to be filed on a date certain to abide by the court's pre-trial order.  This is the order which Mr. Davis said he was going to seek to extend for pretrial deadlines, but did not.  Mr. Davis failed to do that which he said he would do.  Thus, he should not be heard now to complain of a timely filing by the government.

Mr. Davis continues to complain that the United States has not made Mr.

---

[11]  The Motion for Summary Judgment, Docket 25, was filed January 28, 2008.  That was the last day for filing dispositive motions.

Davis v. US
3:05-cv-00136-RRB                    -7-

Anthony Brown available.  The court will recall that Mr. Davis filed a Motion to Compel Discovery earlier in this case.[12]  The United States opposed the motion.[13]  The court entered an order denying the motion to compel as moot (because the parties had "worked out the issues" with respect to depositions and agreed to an extension of deadlines), and extended all of the pre-trial deadlines another 120 days.[14]  Since that time, Mr. Brown has left the employment of Yukon Kuskokwim Health Corporation, and the United States has no control over him.  Mr. Davis has been informed of this, and also that the United States would do all that it could to facilitate the depositions Mr. Davis wanted to take, including providing a location in Aniak.  But Mr. Davis must issue the subpoenas, and he has not done so.  In sum, Mr. Davis has failed to move the case along so as to have the discovery complete and ready for his expert, much less for trial.

Mr. Davis has not been sandbagged or lulled into doing nothing - he did nothing on his own.  The United States respectfully requests the court enforce its Scheduling and Planning Order, and grant the Motion for Summary Judgment

---

[12]  Motion to Compel Discovery, Docket 19.

[13]  Docket 20.

[14]  Docket 23.

Davis v. US
3:05-cv-00136-RRB                    -8-

which is not opposed by law or with fact.

Respectfully submitted on March 6, 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2008,
a copy of the foregoing **UNITED STATES'
REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT** was served
electronically on George M. Kapolchok.

s/ Daniel R. Cooper, Jr.